101461/4

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.

COLONY INSURANCE COMPANY,

    Petitioner,

v.

TRI-C, LLC.,

    Respondent.
_____/

### PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

COMES NOW, the Petitioner, COLONY INSURANCE COMPANY (hereinafter "COLONY"), by and through the undersigned counsel, and hereby files this, its Petition for Appointment of a Neutral Umpire and in support thereof states as follows:

### Jurisdictional Averments

1. At all times material to this action, COLONY was and is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Virginia.

...

CASE NO.:
PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

2. At all times material to this action, Respondent, TRI-C, LLC. (hereinafter "TRI-C"), was and is a company incorporated in the State of Florida, with its principal place of business in Miami-Dade County, Florida.[1]

3. At all times material to this action, TRI-C was the named insured under a Commercial General Liability and Commercial Property insurance policy issued by COLONY, which provided insurance coverage to certain real property located in Miami-Dade County, Florida (hereinafter "the Policy"). The Policy, bearing policy number MP3655393, with effective dates of coverage from July 20, 2009 through July 20, 2010, provided property insurance, subject to all terms, conditions, limitations, exclusions and deductible provisions, covering the premises located at 14211 Commerce Way, Miami Lakes, Miami-Dade County, Florida 33016 (hereinafter "the Risk").

4. This action is a suit between citizens of different countries and/or states in which the amount in controversy, upon information and belief, exceeds the sum of $75,000.00, exclusive of interest, costs, and attorney's fees.

5. This Honorable Court has original jurisdiction based upon diversity of citizenship, as provided in 28 U.S.C. §1332, and the declaratory judgment chapter, as provides in 28 U.S.C. §2201 and 28 U.S.C. §2202.

---

[1]   See 2010 Limited Liability Company Annual Report for TRI-C, LLC., dated April 24, 2010, a copy of which is attached hereto as **Exhibit "A"** and is incorporated by reference herein.

CASE NO.:<br>PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

## General Averments

6. On or about January 9, 2010, the Risk was reportedly damaged as a result of a broken toilet pipe in a bathroom stall. As a result of this broken pipe TRI-C contacted a plumber who broke through three floor tiles to get through the slab and find the break in the pipe. The plumbing repair was completed.

7. The water damage caused by this broken pipe was confined to the Men's Bathroom and adjacent hallway; however, the water damage in the adjacent hallway was limited to the baseboards.

8. Due to the damage to three floor tiles in the bathroom stall and limited water damage, TRI-C presented a claim to COLONY for loss or damage caused by the broken pipe. TRI-C's claim predominantly consisted of a request to replace the tile flooring throughout the risk, consisting of approximately 5,000 square feet, including the Entry/Foyer, Hallway, Men's Bathroom, Women's Bathroom, Conference Room, Lunch Area, Work Area/Room, West Hallway, West Work Area/Room Entry, Front Office, Rear Office, and Office.

9. In support of its claim TRI-C presented a repair estimate from Allstate Restorations totaling $208,650.29.

10. COLONY consulted with Tropical Tile & Marble Consulting Services, Inc. ("hereinafter "Tropical Tile"), a Miami-based distributor and installer of various types of

CASE NO.:
PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

tiles, including the subject tile. Tropical Tile provided COLONY with a proposal to replace the damaged tiles with like kind and quality tiles. Based upon this proposal, consistent with all terms, conditions, limitations, exclusions and deductible provisions of the insurance policy, COLONY agreed to indemnify TRI-C in the amount of $3,012.41.

11. TRI-C disagreed with COLONY's evaluation of the amount of the loss and invoked the appraisal condition of the Policy, which states as follows:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

. . .

2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. **If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.** The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a. Pay its chosen appraiser; and

    b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.[2]

. . .

---

[2] See Certified Copy of Insurance Policy, attached hereto as **Exhibit "B"** and incorporated by reference herein.

CASE NO.:
PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

12. TRI-C appointed Guillermo Gonzalez of Elite Claims Consultants as its appraiser, and COLONY appointed Sanford Siegel of Peak Claims Service, Inc. as its appraiser.

13. Gonzalez and Siegel have been unable to reach an agreement as to the appointment of a neutral umpire. As a result, this Petition for Appointment of a Neutral Umpire has been filed for the purpose of having this Honorable Court choose a neutral umpire for the appraisal of the instant claim. The undersigned counsel will provide this Honorable Court with a list of proposed umpires for this Honorable Court's consideration.

14. COLONY also requests that this Honorable Court enter an Order compelling that the Appraisal Panel limit TRI-C's award to repairs as permitted under Florida law and the Policy. Specifically, TRI-C and its appraiser seek to award TRI-C the replacement of all tile flooring throughout the risk, *encompassing approximately 5,000 square feet*, when the only tile damage was confined behind the stall door of one bathroom stall, involving three tiles. This is contrary to Florida law and the Policy.

15. The Policy provides in pertinent part the following in relation to payment on a claim:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

. . .

**4.     Loss Payment**

5

  **a.** In the event of loss or damage covered by this Coverage Form, *at our option*, we will either:

  (1) Pay the value of lost or damaged property;

  (2) Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

  (3) Take all or any part of the property at an agreed or appraised value; or

  (4) Repair, rebuild, or replace the property with other property of *like kind and quality*, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement. In accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

  **b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.[3]

. . .

16. This Court recently evaluated the same issue in <u>Strasser v. Nationwide Mutual Ins. Co.</u>,[4] which involved a request for Strasser's insurer, Nationwide Mutual Insurance Company, to replace damaged tiles that are an exact match, or alternatively to replace all the tiles, including those which were not damaged. In <u>Strasser</u>, the insurance policy language was identical to the case at bar, in that it provided the insurance carrier

---

[3]  *Emphasis added.* See **Exhibit "B."**

[4]  2010 WL 667945 (S.D.Fla.).

CASE NO.:
PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

with options as to how to adjust the loss. Although Nationwide offered to replace the damaged tiles as permitted in the insurance policy, Strasser argued it was entitled to have the damaged granite exterior tiles replaced with granite tiles matching the undamaged tiles. Strasser argued that if matching in this regard was impossible, it was entitled to have all granite tiles replaced. Nationwide opposed and argued that the applicable policy language, which provides various options for adjusting such a loss, dictates the means by which the loss is to be adjusted. Ultimately, District Judge Patricia Seitz granted Nationwide's Motion in Limine, precluding Strasser from introducing into evidence the cost of "matching," as matching was not a method of adjustment authorized under the Policy or Florida law.

17. Here, the Policy allows COLONY to adjust this loss by indemnifying TRI-C for the cost of repairing or replacing only the damaged property.[5] COLONY seeks to indemnify TRI-C for this loss based upon the cost to repair or replace the three damaged floor tiles and the limited surrounding damage which primarily includes baseboards. However, contrary to the Policy and Florida law TRI-C seeks an adjustment of the loss which includes the replacement of approximately 5,000 square feet of floor tiling, of which only three floor tiles were actually damaged. Accordingly, COLONY requests that this Honorable Court order that Florida law and the Policy only requires that COLONY

---

[5] See **Exhibit "B,"** BUSINESS AND PERSONAL PROPERTY COVERAGE FORM, 4(a)(2).

indemnify TRI-C for the cost to repair or replace the property which is actually damaged as a result of this loss.

WHEREFORE, Petitioner, COLONY INSURANCE COMPANY, hereby moves this Honorable Court to enter an Order appointing a Neutral Umpire and compelling the appraisal panel to disregard the cost of "matching," and consider only the cost of repairing or replacing the damaged property, as well as all other relief this Court deems just and proper.

DATED this **10th** day of December, 2010.

    /s/ Marc J. Gutterman
Marc J. Gutterman, Esquire
Florida Bar No. 118818
David M. Abosch, Esquire
Florida Bar No. 027364
CONROY, SIMBERG, GANON, *et. al.*
Counsel for COLONY
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
Telephone:   954.961.1400
Facsimile:   954.967.8577
E-mail: mgutterman@conroysimberg.com
E-mail: dabosch@conroysimberg.com